# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TENNESSEE
# Northern Division

| | |
|---|---|
| TITLEMAX OF SOUTH CAROLINA, INC., <br><br> Plaintiff, <br><br> vs. <br><br> DANIEL GILPIN, <br><br> Defendant. | Civil Action No. |

## PLAINTIFF TITLEMAX OF SOUTH CAROLINA, INC.'S ORIGINAL COMPLAINT AND PETITION TO VACATE ARBITRATION AWARD

Plaintiff TitleMax of South Carolina, Inc., by and through its undersigned counsel, hereby respectfully brings this action pursuant to 9 U.S.C. § 10(a)(4) seeking an order from this Court vacating the arbitration award attached hereto as **Exhibit A** (the "Award") in its entirety, or, in the alternative, an order vacating and striking the award of punitive damages,[1] and states as follows:

## PARTIES, JURISDICTION, AND VENUE

1. TitleMax of South Carolina, Inc. is a South Carolina corporation with its principal place of business in Texas at 2312 East Trinity Mills Road, Carrollton, TX 75006.

2. On information and belief, Defendant Daniel Gilpin ("Defendant") is a citizen of Tennessee who has in the past asserted that he was a resident of North Carolina.

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a) because there is complete diversity of citizenship and the amount in controversy exceeds $75,000.00.

---

[1] At the appropriate time, TitleMax of South Carolina, Inc. will file a formal motion to vacate the Award and supporting memorandum setting forth in detail the legal basis for such vacatur.

1

Specifically, in the Award, the Arbitrator awarded Defendant at least $160,013.76 in damages and attorney's fees.

4. Venue is proper in this District and Division pursuant to 28 U.S.C. § 1391(b)(1) because, on information and belief, Defendant is domiciled in Kingston, Roane County, Tennessee.

5. This Court has personal jurisdiction over Defendant because Defendant is domiciled in Tennessee. "For the individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011).

## RELEVANT FACTS

6. TitleMax of South Carolina, Inc. is a lender that is authorized to offer loans in South Carolina. TitleMax of South Carolina, Inc. offers installment loan products out of its brick-and-mortar stores located in South Carolina.

7. Defendant is a former North Carolina resident who voluntarily traveled to South Carolina to obtain title loans from TitleMax of South Carolina, Inc. in its brick-and-mortar store in South Carolina. While in South Carolina, Defendant applied for and entered into the Loan Agreements with TitleMax of South Carolina, Inc. After accepting all of the Loan Agreements' provisions and entering into the Loan Agreements, Defendant obtained the agreed upon loan proceeds while physically present in South Carolina at the time of each Loan Agreement.

8. The Loan Agreements include one relevant term: a choice-of-law provision. Each Loan Agreement's choice-of-law provision states that "South Carolina law governs this Note, but the Federal Arbitration Act governs the Waiver of Jury Trial and Arbitration Clause in Section 24."

9. On November 30, 2023, Defendant and other North Carolina residents filed a lawsuit against TitleMax of South Carolina, Inc. in the Superior Court of Guilford County, North Carolina. The case was removed to the United States District Court for the Middle District of North Carolina. The plaintiffs in that action, including Defendant, did not challenge the enforceability of the choice-of-law or arbitration provisions.

10. On September 18, 2024, the Middle District of North Carolina ordered TitleMax of South Carolina, Inc. to arbitrate Defendant's claims pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1, *et seq.* in accordance with the Loan Agreements.

11. During the arbitration, Defendant argued that—notwithstanding the choice-of-law provision he agreed to—the arbitrator should apply North Carolina law instead. Defendant then argued that the interest terms found in the Loan Agreements violated: (1) the North Carolina Consumer Finance Act ("CFA") (N.C. Gen Stat. § 53-165 *et seq.*); and (2) the North Carolina Unfair and Deceptive Trade Practices Act ("UDTPA") (N.C. Gen. Stat. § 75-1.1). Defendant also sought punitive damages.

12. TitleMax of South Carolina, Inc. responded, *inter alia*, that the choice-of-law provisions in the Loan Agreements to which Defendant expressly agreed required the arbitrator to apply South Carolina law, and, under South Carolina law, Defendant could not state a claim (nor did Defendant try to state such a claim). TitleMax of South Carolina, Inc. then contended that, in any event, Defendant's claims were time-barred and punitive damages were not authorized in these circumstances.

13. Ultimately, the arbitrator issued an Interim Award on September 23, 2025, and the Final Award incorporating the Interim Award on December 2, 2025. *See* Ex. A; **Exhibit B** (the "Interim Award"). Refusing to enforce the Loan Agreements' choice-of-law provisions, the

3

arbitrator found that the interest rates agreed to in the Loan Agreements violated North Carolina law and awarded Defendant in excess of $75,000.00 in damages, pre-and post-judgment interest, and attorney's fees. *Id.*

## COUNT ONE: VACATUR OF AWARD UNDER 9 U.S.C. § 10(a)(4) FAILURE TO ENFORCE THE CHOICE-OF-LAW PROVISION

14. TitleMax of South Carolina, Inc. incorporates the allegations set forth above as if fully set forth herein.

15. The parties mutually agreed that South Carolina law would govern the Loan Agreements, and the Loan Agreements include an unambiguous choice-of-law provision reflecting those decisions.

16. Nonetheless, the arbitrator disregarded the parties' clear contractual provision and applied North Carolina law, effectively modifying the Loan Agreements.

17. By disregarding the parties' mutually agreed upon choice-of-law provision, the arbitrator exceeded his authority, manifestly disregarded the law, and issued an award that fails to draw its essence from the agreements, requiring vacatur of the Award under 9 U.S.C. § 10(a)(4) and binding case law.

## COUNT TWO: VACATUR OF AWARD UNDER 9 U.S.C. § 10(a)(4) FAILURE TO ENFORCE APPLICABLE STATUTES OF LIMITATIONS

18. TitleMax of South Carolina, Inc., incorporates the allegations set forth above as if fully set forth herein.

19. TitleMax of South Carolina, Inc. and Defendant entered into the first Loan Agreement on February 13, 2018.

20. Defendant made his last payment on the first Loan Agreement on August 28, 2018.

21. TitleMax of South Carolina, Inc. and Defendant entered into the second Loan Agreement on August 28, 2018.

22. Defendant made his last payment on the second Loan Agreement on February 29, 2020.

23. TitleMax of South Carolina, Inc. and Defendant entered into the third Loan Agreement on March 20, 2020.

24. Defendant made his last payment on the third Loan Agreement on March 28, 2021.

25. Defendant brought his claims against TitleMax of South Carolina, Inc. on November 30, 2023.

26. Claims under North Carolina's usury statutes must be brought within two years of accrual. N.C. Gen. Stat. § 1-53.

27. Claims under the CFA must be brought within three years of accrual. N.C. Gen. Stat § 75-16.2.

28. Claims under the UDTPA must be brought within four years of accrual. N.C. Gen. Stat. § 1-52.[2]

29. Even assuming North Carolina law applies (which it does not), Defendant failed to bring his CFA claims within the applicable period as it relates to the first loan, and his claim is therefore time-barred.

30. The arbitrator therefore exceeded his authority and manifestly disregarded clearly applicable law by allowing Defendant's claims to move forward.

---

[2] Defendant elected not to pursue damages for any alleged violations of the UDTPA. Ex. A at 23.

31. Accordingly, vacatur of the Award is warranted under 9 U.S.C. § 10(a)(4) and binding case law.

### COUNT THREE: VACATUR OF PUNITIVE DAMAGES AWARD
### UNDER 9 U.S.C. § 10(a)(4)

32. TitleMax of South Carolina, Inc. incorporates the allegations set forth above as if fully set forth herein.

33. In addition to awarding statutory penalties, the arbitrator awarded Defendant punitive damages.

34. By awarding Defendant punitive damages, the arbitrator manifestly disregarded clearly defined principles of law prohibiting the imposition of punitive damages in the absence of fraud, malice, or willful or wanton conduct.

35. By awarding Defendant punitive damages, the arbitrator wrongfully imposed an unlawful double punishment on TitleMax of South Carolina, Inc.

36. Moreover, the punitive damages award is grossly excessive, arbitrary, and violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution.

37. Accordingly, by imposing the punitive damages award, the arbitrator exceeded his authority and manifestly disregarded the law, justifying vacatur under 9 U.S.C. § 10(a)(4) and binding case law.

### PRAYER FOR RELIEF

WHEREFORE, TitleMax of South Carolina, Inc. respectfully requests that, pursuant to 9 U.S.C. § 10(a)(4), the Court enter an order vacating the Award in its entirety, or, in the alternative, an order vacating the award of punitive damages.

Dated: January 23, 2026                 Respectfully submitted,

6

Case 3:26-cv-00030-CEA-JEM   Document 1   Filed 01/23/26   Page 6 of 7   PageID #: 6

/s/ *Noah J. Mason*
Noah J. Mason
Tennessee State Bar No. 034341
**TROUTMAN PEPPER LOCKE LLP**
600 Peachtree St. NE #3000
Atlanta, GA 30308
Tele: (404) 870-4648
Fax: (404) 885-3900
noah.mason@troutman.com

Ryan J. Strasser (*pro hac vice* forthcoming)
Erin M. Harrigan (*pro hac vice* forthcoming)
Rachel Buck Hodges (*pro hac vice* forthcoming)
**TROUTMAN PEPPER LOCKE LLP**
1001 Haxall Point, 15th Floor
Richmond, VA 23219
Tele: (804) 697-1200
Fax: (804) 697-1290
ryan.strasser@troutman.com

*Counsel for Plaintiff TitleMax of South Carolina, Inc.*

7